UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEVONE SANDERS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-12567 |
| INTERNATIONAL PAPER COMPANY, ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is a Motion to Dismiss for Failure to state a Claim by Defendant International Paper Company (hereinafter "IP"). R. Doc. 6. Plaintiffs filed a Motion, R. Doc. 20, adopting the Omnibus Opposition filed in *Slocum v. International Paper Co*, No. 16-12563, R. Doc. 22. Having reviewed the briefs, the applicable law, and the Parties' statements at oral argument, the Court now issues this Order & Reasons.

## I.   BACKGROUND

This class action case arose out of injuries allegedly sustained by Plaintiffs Derrick Jevone Sanders, Patricia McGowan Lewis, and Dione Evette Peters individually, and collectively as class representatives, on behalf of all other similarly situated class members ("Plaintiffs").R. 1-2 at 1. Plaintiffs assert claims against Defendant, International Paper Company, for failure to provide any accurate information about the chemical composition and known risks presented by "black liquor" that was allegedly discharged from a ruptured evaporator tank at the Bogalusa Paper Mill. R. 1-2 at 1. Plaintiffs' theories of liability sound in negligence, strict liability, and nuisance. R. 1-2 at 1.

Black liquor is a by-product of the paper making process. Black liquor is typically recycled in evaporator tanks for repeated use in the pulping process. R. 1-2 at 3. On June 10, 2015, the sight glass on an evaporator tank containing black liquor ruptured at the Bogalusa Paper Mill, which resulted in a stream of black liquor erupting several feet into the air and dispersing into the

atmosphere. R. 1-2 at 14. The next day, Defendants advised the media that there was a "slight leak" in a process unit that led to the dispersal of diluted black liquor, but that Defendants were "confident that there is no risk to human health or the environment. R. 1-2 at 14.

Plaintiffs disagree and contend that the dispersal of the black liquor caused personal injuries, property damage and/or emotional distress, and argue that Defendants are liable for Plaintiffs' damages. R. 1-2 at 16. For example, Plaintiff Derrick Jevone Sanders claims that as he as driving, his vehicle was covered in black liquor to such a degree that it obscured his ability to see through his windshield. R. 1-2 at 18. Sanders contends that the black liquor entered his vehicle through the air conditioning vent, and that he sustained burning and irritation to his eyes, headaches, nausea and coughing. R. 1-2 at 18.

## II.     PRESENT MOTION

Before the Court is the Motion to Dismiss filed by International Paper, which asserts that Plaintiff's case should be dismissed for failure to state a claim upon which relief can be granted under FRCP 12(b)(6). R. Doc. 6-1. Defendant also claims that certain subclasses of Plaintiffs have no basis for recovery because the damages they seek are not allowed under Louisiana law. R. Doc. 6-1.

### A. Defendant's Motion to Dismiss (R. Doc. 6-1)

#### i.  Strict Liability Nuisance Claims

Defendant claims that Plaintiffs' do not allege sufficient facts to establish they are entitled to legal relief on the basis of strict liability nuisance. R. Doc. 6-1 at 3. Defendant argues that Plaintiffs' claim that IP is strictly liable for damages caused by black liquor under Louisiana Civil Code articles 668-669 should be dismissed because neither article addresses strict liability. R. Doc. 6-1 at 4. Defendant further contends that Plaintiffs cannot establish a plausible claim for strict liability under La. C.C. 667 because strict liability under Article 667 is limited to pile driving or

blasting with explosives, and Plaintiffs have not alleged that Defendant engaged in these activities. R. Doc. 6-1 at 5.

### ii.   Ordinary Nuisance Claims

Defendant also contends Plaintiffs' claims for ordinary nuisance under article 667 must be dismissed. R. Doc. 6-1 at 5. Louisiana Civil Code 667 states that a proprietor may not "make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him." La. Civ. Code art. 667. Defendant alleges that the release of black liquor did not arise out of any "work" being done on the property, but instead a single event. Further, Defendant contends that Plaintiffs have not demonstrated that they are neighbors of the mill, as required under article 667. Therefore, Defendant avers that Louisiana Civil Code 667 is inapplicable to these claims. R. Doc. 6-1 at 5-6.

### iii.   Claims under 2317 or 2317.1

Defendant also seeks the dismissal of any claims of strict liability under Louisiana Civil Code articles 2317 and 2317.1. According to Defendant, the Louisiana Supreme Court has held that claims arising under code articles 2317 and 2317.1 are not strict liability claims, but claims based in negligence. R. Doc. 6-1 at 6 (citing *Burmaster v. Plaquemines Parish Government*, 982 So. 2d 795, 799 n.1 (La. 2008)).

### iv.   Claims for Equitable Relief

Defendant argues that Plaintiffs have not alleged facts to support their claims for equitable relief. Plaintiffs seek the following claims for equitable relief:

1. A judgment that IP intentionally misrepresented the nature of the release to the public and governmental agencies;
2. Injunctive relief requiring IP to disclose additional information regarding this incident and black liquor in general; and
3. Injunctive relief requiring IP to develop and release a response and remediation plan regarding the incident and a preparedness plan for any future accidents.

According to Defendant Plaintiffs' claim that Defendant intentionally misrepresented information is really a fraud claim, but was not pled with sufficient particularity as required under both Federal Rule of Civil Procedure 9(b) and Louisiana law. R. Doc. 6-1 at 7-8. Thus, Defendant avers the fraud claim must be dismissed. Furthermore, Defendant argues that to establish a claim of misrepresentation under Louisiana law, Plaintiffs must prove IP (1) misrepresented a material fact, (2) had an intent to deceive, and (3) the statements caused justifiable reliance with resultant injury. R. Doc. 6-1 at 8. To establish this claim by silence or inaction, Plaintiffs must demonstrate that Defendant had a duty to disclose this information. Defendant avers that the only information Plaintiffs provided regarding this claim fails to demonstrate any of these elements; therefore it must be dismissed. R. Doc. 6-1 at 9.

Additionally, Defendant argues that Plaintiffs' claims for declaratory relief are actually claims for injunctive relief, because Plaintiffs seek to have the court compel action from the Defendant. R. Doc. 6-1 at 10. Defendant argues that Plaintiffs are not entitled to injunctive relief because they have not demonstrated that irreparable injury will result unless relief is granted. R. Doc. 6-1 at 10.

### v. Certain Subclasses Cannot Recover

Finally, Defendant seeks to have certain subclasses dismissed from the case because they have no basis for recovery in Louisiana law. R. Doc. 6-1 at 12. First, Defendant argues that Plaintiffs seeking to recover based on emotional stress alone should be dismissed. Under Louisiana Law, damages for emotional distress are only recoverable if accompanied by physical injury, except in special circumstances. Defendant avers that these "special circumstances" are not present here; any Plaintiffs seeking damages solely for emotional distress should be dismissed. Doc. 6-1 at 13. Second, Defendant argues that Plaintiffs seeking damages for emotional distress arising from property damage should be dismissed. While Louisiana courts recognize some situations where

Plaintiffs may recover damages for emotional distress due to property damage,[1] Defendant claims that none of these circumstances are present here. R. Doc. 6-1 at 14.

In particular, Defendant argues that Plaintiffs have not demonstrated that this incident constitutes a "continuous nuisance" as required to recover for emotional distress resulting from property damage. R. Doc. 6-1 at 14. Defendant avers that to establish a "continuous nuisance," Plaintiffs must demonstrate that the damage is ongoing, such that contamination occurs daily or gives rise to successive damages. R. Doc. 6-1 at 15. Defendant argues that while Plaintiffs allude to former releases of toxic substances at the mill, this is insufficient to prove a "continuous nuisance," as these previous releases were also one-time events. R. Doc. 6-1 at 15.

### B. Plaintiffs' Response (R. Doc. 22)

Plaintiffs adopted the Slocum Plaintiffs' joint omnibus opposition to Defendant's motions to dismiss. R. Doc. 20. In the joint omnibus opposition, Plaintiffs argue that their motion to remand this case to state court should be granted. R. Doc. 22 at 6. In doing so, they restate much of the argument included in the motion to remand, including the argument that the case should be remanded because it is unlikely to be certified as a class. R. Doc. 22 at 6.[2] Additionally, Plaintiffs argue the case should be remanded because the LDEQ is a defendant, and extending federal jurisdiction over a state entity would violate sovereign immunity. R. Doc. 22 at 8-10. Finally,

---

[1] These circumstances include: "(1) when the property was damaged by an intentional or illegal act; (2) when the property was damaged by acts giving rise to strict or absolute liability; (3) when the **18 property was damaged by activities amounting to a continuous nuisance; and (4) under circumstances where the owner was present or nearby at the time the damage occurred and suffered psychic trauma in the nature of or similar to a physical injury as a direct result of the injury itself." *Johnson v. Orleans Par. Sch. Bd.*, 2006-1223 (La. App. 4 Cir. 1/30/08), 975 So. 2d 698, 711, *writ denied*, 2008-0607 (La. 6/27/08), 983 So. 2d 1289, and *writ denied*, 2008-0664 (La. 6/27/08), 983 So. 2d 1289, and *writ denied*, 2008-0671 (La. 6/27/08), 983 So. 2d 1289, and *writ denied*, 2008-0672 (La. 6/27/08), 983 So. 2d 1290, and *writ denied*, 2008-0673 (La. 6/27/08), 983 So. 2d 1290, and *writ denied*, 2008-0674 (La. 6/27/08), 983 So. 2d 1290, and *writ denied*, 2008-0675 (La. 6/27/08), 983 So. 2d 1291, and *writ denied*, 2008-0682 (La. 6/27/08), 983 So. 2d 1291.

[2] Plaintiffs devote substantial time to discussing the requirements for class certification under Rule 23. See R. Doc. 22 at 6-8. However, this issue is addressed in Plaintiffs' motion to remand, and not relevant here.

Plaintiffs aver that this case involves local, rather than national issues, and therefore the Court should exercise discretionary abstention under 28 U.S.C. § 1332(d)(3). R. Doc. 22 at 10. Finally, Plaintiffs emphasize that if the motion to remand is granted, this Court does not have subject matter jurisdiction to resolve the motions to dismiss Plaintiffs' claims.

In the alternative, Plaintiffs argue that the facts alleged in their complaints are sufficient to defeat a 12(b)(6) motion to dismiss.

### i.   Strict Liability Nuisance Claims Under Louisiana Civil Code Articles 667-669

Plaintiffs argue that Articles 667-669 of the Louisiana Civil Code must be read together and taken in their entirety, create a body of law that prohibits land owners from using their property in a way that causes nuisance to others. R. Doc. 22 at 12. Plaintiffs contend that under this view, Defendant used its land in a way that caused nuisance to surrounding property owners. R. Doc. 22 at 12. Thus, Plaintiffs aver they have alleged sufficient facts to defeat a motion to dismiss.

### ii.   Ordinary Nuisance Under Louisiana Civil Code Article 667

Plaintiffs argue they have made sufficient allegations of ordinary nuisance under article 667 to defeat a motion to dismiss. R. Doc. 22 at 10. According to Plaintiffs, the incident and release of black liquor was a direct result of the "work" being done at the paper mill. Further, they allege that the Plaintiffs live in close proximity to the mill, and thus meet the definition of neighbor as required under Article 667. Therefore they maintain they have valid claims for nuisance under article 667. R. Doc. 22 at 10.

### iii.   Claims Under Louisiana Civil Code Article 2317 and 2317.1

Plaintiffs contend that the allegations in their petition support claims under Louisiana Civil Code articles 2315, 2316, 2317 and 2322. R. Doc. 22 at 13. Plaintiffs argue that they have alleged sufficient facts to support their claims of negligence under articles 2315 and 2316. R. Doc. 22 at

12. Further, they allege that to prevail on a claim of strict liability under article 2317, they must demonstrate that (1) Defendant had custody or control over the thing that caused the injury; (2) the thing had a vice or defect; and (3) the vice or defect caused the damage. R. Doc. 22 at 13. Plaintiffs argue that the allegations in the Complaint demonstrate that at all times Defendant had custody and control over the evaporators that ruptured and released Black Liquor into the air. R. Doc. 22 at 13. The rupture was caused by a defect in the evaporators, which directly resulted in the damages in this case. R. Doc. 22 at 13. Thus, Plaintiffs argue their claims for negligence and strict liability under Article 2317 and 2317.1 should not be dismissed.

### iv.  Claims for Equitable Relief

Plaintiffs do not discuss whether they will be irreparably harmed if they do not receive equitable relief. Instead, they explain that injunctive relief "would provide a way for the parties to coexist and retain quiet enjoyment of their respective property and domiciles." R. Doc. 22 at 15. Further, Plaintiffs aver they are not alleging fraud, and therefore are not required to meet the heightened pleading requirements of fraud claims. R. Doc. 22 at 15.

### v.  Claims by Certain Subclasses

Plaintiffs do not address Defendant's arguments that certain subclasses are barred from recovery under Louisiana law. However, they do state that Defendant's conduct "resulted in actionable causes of action for personal injuries, property damage and emotional distress as well as declaratory or injunctive relief to preclude future releases of black liquor." R. Doc. 22 at 16.

### III.    LAW AND ANALYSIS

#### A. Failure to State a Claim under 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### i. Strict Liability Nuisance Claims Under Louisiana Civil Code Articles 667-669

To survive a motion to dismiss, the complaint must contain factual allegations that state a claim for strict liability nuisance that is plausible on its face. Louisiana Civil Code articles 668 and 669 do not discuss strict liability. Louisiana Civil Code article 667 provides that landowners can be strictly liable for damages due to nuisance activities on their property if the nuisance is caused by "an ultrahazardous activity." La. Civ. Code art. 667. "An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives." La. Civ. Code art. 667. Because the Plaintiffs have not alleged any facts that Defendant engaged in such ultrahazardous activities, it cannot be strictly liable for any nuisance it caused under Louisiana Civil Code Articles 667-669. Thus, Plaintiffs' claims for strict liability nuisance must be dismissed with prejudice.

### ii. Ordinary Nuisance Under Louisiana Civil Code Articles 667-669

Under Louisiana Civil Code article 667, a property owner may not do any "work" that deprives his neighbors of enjoying their own properties. La. Civ. Code art. 667. Article 668 provides that while property owners can use their land as they please, they cannot "make any work" which would damage their neighbor's buildings. La. Civ. Code art. 668. Further, if works or operations cause inconvenience to neighboring houses "by diffusing smoke or nauseous smell," courts should look to local custom to determine if the activity is a nuisance. La. Civ. Code art. 669.

Whether or not an activity constitutes nuisance is a question of fact, to be determined based on the particular circumstances of each case. *See Schulker v. Roberson*, 91-1228 (La. App. 3 Cir. 6/5/96), 676 So. 2d 684, 688. Here, Plaintiffs have alleged that the Defendant was engaged in "work" at its paper plant, which caused a release of a noxious substance into the air. This release allegedly deprived individuals living in close proximity to the plant of the right to enjoy their own property. Construing these facts in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' claims for nuisance under the Civil Code vicinage articles survive the motion to dismiss.

### iii.   Claims Under Louisiana Civil Code Article 2317 and 2317.1

Plaintiffs allege that the incident occurred because of a defect in the evaporators at the paper mill, which were under the care and custody of the Defendant. Louisiana Article 2317 provides that the custodian of a thing is responsible for damages caused by defects in the thing, provided he knew or should have known about the defect. La. Civ. Code arts. 2317, 2317.1. To prevail on such a claim, Plaintiffs bear the burden of proving: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause-in-fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. La. Civ. Code arts. 2317.1, 2322; *Vinccinelli v. Musso*, 2001-0557 (La. App. 1 Cir. 2/27/02); 818 So. 2d 163, 165, cited in *Wiggins v. United States*, 2009 WL2176043, *

3 (E.D. La. 2009). Plaintiffs allege that at all relevant times, Defendant had custody of the Bogalusa Paper Mill, the emission of black liquor created an unreasonably dangerous risk of harm, which resulted in Plaintiffs injuries. Finally, Plaintiffs allege that Defendant had actual knowledge of this risk. Accepting these allegations as true, Plaintiffs have stated claims under Articles 2317 and 2317.1 that are facially plausible, and therefore survive a motion to dismiss.

### iv.   Claims for Equitable Relief

Defendant argues that Plaintiffs are not entitled to declaratory or injunctive relief because they have not demonstrated that irreparable harm will occur if the relief is not granted. Louisiana law provides that a court may issue equitable relief if "irreparable injury, loss, or damage may otherwise result to the applicant." La. Code Civ. Proc. art. 3601. In their complaint, Plaintiffs allege that the "evaporators at issue present an ongoing nuisance" for individuals who reside in the proximity of the paper mill. Accepting these factual allegations as true, Plaintiffs have alleged facts sufficient to demonstrate a plausible claim that irreparable harm may result if the requested declaratory and injunctive relief is not granted. Thus, the claims for equitable relief survive the motion to dismiss.

Defendant contends that portions of Plaintiffs claims for declaratory relief are actually claims of fraud. According to Defendants, this disguised fraud claim does not meet the pleading requirements under Federal Rule of Civil Procedure 9(b) or Louisiana law. However, the Court agrees with Plaintiff that the claims for declaratory relief are not disguised or mispled fraud claims. Therefore Plaintiffs are not required to meet the enhanced pleading requirements of a fraud claim.

### v.   Claims by Certain Subclasses

Finally, Defendant seeks to dismiss claims by various subclasses of Plaintiffs. In particular, Defendant argues that Plaintiffs claiming damages solely on the basis of their alleged emotional distress cannot recover. During oral argument, counsel for Plaintiffs conceded this point. Thus, the

claims filed by the subclass of Plaintiffs seeking solely emotional damages as a result of the release are dismissed.

Additionally, Defendant argues that Plaintiffs claiming emotional distress related to property damage cannot recover under Louisiana law. Defendant admits that damages for emotional distress due to property damage are allowed in limited circumstances, but contends that these circumstances do not exist here. Louisiana courts have recognized that plaintiffs may recover emotional damages related to property claims when "the property was damaged by activities amount to a continuous nuisance." *Johnson*, 975 So. 2d at 711. As discussed previously, Plaintiffs allege that the release of black liquor presents a continuous nuisance. Thus, Plaintiffs' claims for emotional injuries stemming from the alleged damage to their properties survive the motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant International Paper's Motion to Dismiss, R. Doc. 6, is hereby **GRANTED** in part and **DENIED** in part.

The Motion is **GRANTED** in relation to Plaintiffs claims for strict liability nuisance under Louisiana Civil Code Article 667. These claims are **DISMISSED** with prejudice. Furthermore, the Motion is **GRANTED** in relation to claims filed by the subclass of Plaintiffs seeking solely emotional damages, described in Paragraph 42(c) of the Complaint. These claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Defendant's Motion is **DENIED** in regards to all of Plaintiffs' remaining claims.

New Orleans, Louisiana this 4th day of November, 2016.

UNITED STATES DISTRICT JUDGE