UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY SLOCUM, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12563** |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | |
| **DERRICK SANDERS, ET AL.** | **NO. 16-12567** |
| **VERSUS** | |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | |
| **BRENT JARRELL, ET AL.** | **NO. 16-13793** |
| **VERSUS** | |
| **INTERNATIONAL PAPER COMPANY, ET AL.** | **SECTION "L" (1)** |

## ORDER

This matter came before the Court for oral argument regarding the nature of the Phase One trial.[1] The parties requested that the Court clarify the trial plan for this issue-based class action. Having considered the record, the parties' briefings, and the applicable law, the Court concludes that the Phase One trial will address the issue of Defendant International Paper's liability for the discharge of black liquor at the Bogalusa Paper Mill on June 10, 2015. Plaintiffs may present evidence as to International Paper's liability pursuant to Louisiana Civil Code Articles 667; 2315; 2317 and 2317.1. That is to say, whether or not the Defendant was negligent in causing the release of black liquor. If the class prevails on the common liability issues in Phase One, Phase Two shall

---

[1] A transcript of this hearing is available upon request from Court Report, Karen Ibos.

1

consist of various trial flights of approximately five or more class members with like claims to determine causation and to award damages, if any. *See Mullen v. Treasure Chest Casino*, LLC, 186 F.3d 620, 623 (5th Cir. 1999); *Watson v. Shell Oil Co.*, 979 F.2d 1014, 1018 (5th Cir. 1992). Plaintiffs are instructed to begin grouping claimants with similar damages to promote the efficient resolution of Phase Two.

To this end, Plaintiffs confirmed that they are no longer seeking injunctive or declaratory relief in this matter pursuant to La. C.C. Article 669. *See* R. Doc. 312-1 at 8. Accordingly, **IT IS ORDERED** that Defendants' Motion for Partial Summary Judgment as to the Class-Wide Claims for Injunctive and Declaratory Relief, R. Doc. 325,[2] is **GRANTED**. Plaintiffs' requests for injunctive and declaratory relief are dismissed with prejudice.

**IT IS ALSO ORDERED** that Defendants' Motion for Partial Summary Judgment on Claims for Emotional Distress Damages of Certain Subclasses, R. Doc. 326, is **DENIED** without prejudice to re-urge this motion, if necessary, after the completion of Phase One.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendant's Memorandum, R. Doc. 316, is **DENIED**. Defendant's memorandum was properly filed with leave of Court pursuant to the Court's request for briefing on this issue.

New Orleans, Louisiana, this 10th day of June, 2021.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE

---

[2] Identical motions as to those discussed here have been filed in the consolidated cases, *Sanders v. International Paper*, No. 16-12567, and *Jarrell v. International Paper*, No. 16-12793. For the sake of simplicity, this Order only cites the record in *Slocum v. International Paper*, No. 16-12563.